UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ZEOLA DUNCAN, | ) | |
| WILLIE J. DUNCAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01042-JPH-MJD |
| | ) | |
| U.S. ROF 111 LEGAL TITLE TRUST | ) | |
| 2015-1 By U,S, Bank National | ) | |
| Association, as legal title trustee, | ) | |
| SHELLPOINT SERVICING, | ) | |
| JILL SIDOROWIZ Noonan & Lieberman | ) | |
| Ltd., | ) | |
| JOHNSON BLUMBERG & ASSOCIATES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Zeola[1] and Willie Duncan's mortgage was foreclosed in August of 2020.

They filed this lawsuit on April 27, 2021, seeking relief from their eviction,

which was scheduled for April 30, 2021.  They alleged that the process

underlying the foreclosure and eviction violated the 14th Amendment and

federal bankruptcy law.  Defendants U.S. ROF 111 Legal Title Trust and

Shellpoint Servicing ("the Creditors") have filed a motion to dismiss the

complaint for lack of subject-matter jurisdiction and failure to state a claim.

Dkt. [6].  For the reasons below, that motion is **GRANTED**.

---

[1] On February 2, 2022, the Creditors notified the Court that Zeola Duncan had passed away in September of 2021.  Dkt. 11.  Under Fed. R. Civ. P. 25(a)(2) this action does not abate because the right sought to be enforced may proceed as to Willie Duncan.

# I.
# Facts and Background

Because the Creditors have moved for dismissal under Rules 12(b)(1) and 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

In March of 2017, the Creditors moved to foreclose on the Duncans' mortgage, dkt. 7-2, which was granted by court order in May of 2018, dkt. 7-4, and affirmed on appeal, dkt. 7-7.  In June of 2020, the Duncans filed a petition for Chapter 13 bankruptcy, which was dismissed.  Dkt. 1 at 4–5.  They appealed the dismissal of their Chapter 13 bankruptcy case, which they believed put an "automatic stay in place" and should have halted any eviction.  *Id.* at 4–5.  However, "Defendants continued harassing with a [sheriff] sale," so the Duncans then filed for Chapter 7 bankruptcy, which they believed also should have stopped the sale.  *Id.* at 5.[2]

But the sheriff sale process continued, and the Duncans' home was sold in August of 2020.  Dkt. 7-8.  In March of 2021, the Creditors obtained a writ of assistance to have the sheriff assist with evicting the Duncans.  Dkt. 7-9.  Eviction was scheduled for April 30, 2021.  *Id.*

---

[2] The Duncans' Chapter 13 appeal was still pending as of the filing of this case, *id.* at 4, but they received a Chapter 7 discharge on December 2, 2020.  Dkt. 7-18.

The Duncans filed this suit against the Creditors on April 27, 2021, alleging that they had "filed in the trial [c]ourt a writ to have debtor evicted from the property without [d]ue process."  *Id.* at 5.  They sought money damages and an injunction to stop the eviction, *id.* at 6, but did not file a motion for preliminary injunctive relief under Federal Rule of Civil Procedure 65.

On June 28, 2021, the Court ordered the Duncans to "show that service was proper or to request that the Court order service be made by a United States marshal or deputy marshal."  Dkt. 4.  The Court gave the Duncans a month to respond and warned them that failure to do so would result in dismissal without prejudice.  *Id.*

Defendants Jill Sidorowiz/Noonan & Liberman Ltd and Johnson Blumberg & Associates have not appeared and the Duncans have not shown proper service in response to the Court's order.  The claims against those Defendants are therefore **DISMISSED without prejudice** for failure to prosecute.  *Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014)

The Creditors have appeared, dkt. 5, and filed the present motion to dismiss.  Dkt. 6.[3]

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject-matter jurisdiction and under 12(b)(6) to dismiss

---

[3] The Creditors did not raise arguments regarding sufficiency of process.

claims for failure to state a claim upon which relief can be granted.  When faced with a 12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met."  *Burwell*, 770 F.3d at 588–89. To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

When ruling on either a 12(b)(1) or 12(b)(6) motion, the Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in the plaintiff's favor.  *Burwell*, 770 F.3d at 588–89; *McCauley*, 671 F.3d at 616. But, on a 12(b)(6) motion, the Court will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim."  *McCauley*, 671 F.3d at 616.

### III.
### Analysis

The Duncans allege the Creditors "filed in the trial [c]ourt a writ to have debtor evicted from the property without [d]ue process."  Dkt. 1 at 5.  Liberally construed, the Duncans' complaint asked this Court to halt their pending eviction because the foreclosure process underlying it denied them Fourteenth Amendment due process and violated bankruptcy laws regarding automatic stays.  The Duncans' complaint, however, did not comply with Local Rule 65(a),

which requires a separate motion for relief, so it cannot be treated as a request for an injunction.  *See* S. D. Ind. L. R. 65-2(a); *Coleman v. Goodwill Industries of Southeastern Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules.") (citing *McNeil v. United States,* 508 U.S. 106 (1993)).

To the extent the Duncans challenge the state-court process underlying the eviction—the foreclosure proceedings and the related sheriff sale—the Creditors argue those claims are barred on a number of alternative grounds, including res judicata, collateral estoppel, judicial estoppel, the *Rooker–Feldman* doctrine, Federal Rule of Civil Procedure 8, and statutes of limitations.  Dkt. 7 at 7–10.  Because the *Rooker–Feldman* doctrine is jurisdictional, the Court begins there.  Dkt. 7 at 15.  *See Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir. 1996) ("Where *Rooker–Feldman* applies, lower federal courts have no power to address other affirmative defenses, including res judicata.").

## A. *Rooker–Feldman* Doctrine

The Creditors argue that "the *Rooker–Feldman* doctrine bars [the Duncans'] claims to the extent they seek to challenge the Foreclosure Action's judgment."  Dkt. 7 at 15.  The Duncans did not respond to this argument.  *See* dkt. 9.

The *Rooker–Feldman* doctrine is a jurisdictional rule that "prevents lower federal courts from reviewing state-court judgments, over which only the

United States Supreme Court has federal appellate jurisdiction." *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011) (citing *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)).  The rule applies when a party who lost in state court complains "of injuries caused by state-court judgments rendered before the district court proceedings commenced and invit[es] district court review and rejection of those judgments." *Id.* (quotations and citations omitted).  A claim may also be barred by *Rooker–Feldman* if is it "inextricably intertwined" with the challenged state court judgment.  *Long v. Shorebank Development Corp.*, 182 F.3d 548, 555 (7th Cir. 1999)

The "pivotal inquiry" under *Rooker–Feldman* is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Id.* (quoting *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)).  "To determine whether *Rooker–Feldman* bars a claim, we look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff." *Crawford*, 647 F.3d at 646.  When the "actual injury" the plaintiffs suffer was "effectuated by the state court's judgment," the federal court lacks jurisdiction to remedy it.  *Id.*

Here, the order issued by the state court in the foreclosure action ordered (1) that "the mortgage of the [Creditors] be foreclosed," (2) that "the subject real estate be sold by the Sheriff," and (3) that, at the Creditors' request, "the Sheriff of Hamilton County is hereby empowered . . . to eject [any

and all occupants] from the premises." Dkt. 7-4 at 4–5 ¶¶ 2, 3, 7.[4]  However, the Duncans' complaint alleges that Creditors "filed in the trial [c]ourt a writ to have debtor evicted from the property without [d]ue process." Dkt. 1 at 4–5. Therefore, the complaint directly challenges the foreclosure of their home, which was "effectuated by the state court's judgment." *Crawford*, 647 F.3d at 646.

In *Crawford*, the plaintiffs argued that the mortgage lender's "foreclosure and eviction deprived them of their fundamental fairness and equal protection rights." 647 F.3d at 646.  At oral argument, the plaintiffs' counsel stated, "[w]e are attacking both the lower court—the state trial court—judgment as well as the manner in which that judgment was enforced." *Id.* at 647.  The Seventh Circuit found that, "[g]iven this concession, we have no trouble concluding that" the actual injury complained of, "the foreclosure of their mortgage—was effectuated by the state court's judgment" and, therefore, was barred under *Rooker–Feldman. Id.* at 646–67.

Similarly, in *Long*, the Seventh Circuit considered whether *Rooker–Feldman* barred a plaintiff from attacking her eviction in a subsequent claim for

---

[4] The Creditors asked the Court take judicial notice of this and other public court filings to support their motion.  Dkt. 7 at 7–10. The Duncans did not object to the request for judicial notice.  Under Fed. R. Evid. 201, a court may take judicial notice of facts (1) generally known within the jurisdiction or (2) capable of being accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).  When ruling on a motion to dismiss under Rule 12(b)(1) a court may consider "whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).  Therefore, the Creditors' request is granted to the extent any document is referenced here.

due process violations.  182 F.3d at 551.  While the plaintiff had complained "that the defendants deprived her of her property without due process in initiating and pursuing the eviction action, the injuries she alleges were complete only when the Circuit Court entered the eviction order against her." *Id.* at 557.  The Court reasoned that, "[a]bsent the eviction order, [the plaintiff] would not have suffered the injuries for which she now seeks to be compensated." *Id.*  Therefore, the Court recognized that *Rooker–Feldman* would ordinarily apply to bar her claim.  *Id.* (but finding that the plaintiff's specific claim presented in that case was not barred because she had not been given the opportunity to adequately litigate her claims in the lower court).

In both *Crawford* and *Long*, the Court found that claims brought against the plaintiffs' creditors for injuries "effectuated" by a state court foreclosure and eviction were barred under *Rooker–Feldman*.  These types of claims can be differentiated from claims that are "independent" of the state court judgment, such as the claim brought in *Brown v. Varan*, 322 F. App'x. 453, 454 (7th Cir. 2009).  There the plaintiff brought a § 1983 claim directly against the sheriff who carried out the eviction order.  *Id.*  The Court found that this claim avoided *Rooker–Feldman* because it was not a "collateral attack on the eviction order," but rather a claim that the sheriff's actions in *carrying out* the eviction violated due process.  *Id.*

The Creditors' action that the Duncans challenge here—filing of the writ of eviction—was authorized by the state court's decision in the foreclosure action.  *See* dkt. 7-4 at 5 ¶ 7.  That is, "absent the eviction order" contained in

8

the foreclosure action's judgment, the Duncans "would not have suffered the injuries for which [they] now seek to be compensated." *Long,* 182 F.3d at 557. Therefore, the Court lacks jurisdiction under *Rooker–Feldman. Id.*

## IV.
## Conclusion

Defendants' motion to dismiss, dkt. [6], is **GRANTED**; the Duncans' complaint is **DISMISSED without prejudice** for lack of jurisdiction.   The parties **SHALL HAVE through April 11, 2022** to show cause why final judgment should not enter consistent with this order.

**SO ORDERED.**

Date: 3/28/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIE J. DUNCAN
11735 E. 181st Street
Noblesville, IN 46060

Pamela A. Paige
PLUNKETT COONEY (Indianapolis)
ppaige@plunkettcooney.com